```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
HICA EDUCATION LOAN CORPORATION,

                    Plaintiff,           MEMORANDUM OPINION
                                         AND ORDER
          -against-
                                         11 Civ. 1690 (MGC)


LAURENCE DANZIGER,

                    Defendant.

------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/10/12

APPEARANCES:

    LAW OFFICE OF ALLEN M. ROSENTHAL
    Attorney for Plaintiff
    550 W. Old Country Road, Suite 201
    Hicksville, New York 11801

    By: Frank Steven Tate, Esq.

Cedarbaum, J.

HICA Education Loan Corporation ("HICA"), a private holder of a student loan, sues Laurence Danziger to recover unpaid monies due and owing under the promissory note that he signed when he received the loan. Neither the United States nor an agency of the United States is a party to this action. The summons was personally served on Danziger's wife on March 28, 2011. Danziger has not appeared or answered. Pursuant to Fed. R. Civ. P. 55(b)(2), HICA has moved for entry of a default judgment against Danziger. Since there is no basis for federal jurisdiction in this case, the complaint must be dismissed.

## BACKGROUND

The complaint alleges that HICA is the "owner and/or holder" of a promissory note executed under the Health Education Assistance Loan ("HEAL") program. The federal government created the HEAL program to assist students seeking educational training in medical fields, and the loans are insured by the United States Department of Health and Human Services. On the return date of HICA's motion for a default judgment, I directed HICA to submit supplemental briefing on the issue of subject matter jurisdiction.

## DISCUSSION

Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence

2

of a challenge from any party. Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

HICA contends that subject matter jurisdiction is proper because this claim arises under federal law. See 28 U.S.C. § 1331. Although the note was executed under the HEAL program and is governed by federal regulations, see 42 U.S.C. §§ 292-292(p) and 42 C.F.R. pt. 60, HICA's cause of action to recover on a promissory note is created by state law. A state law claim may "arise under" federal law if, but only if, it "necessarily raise[s] a stated federal issue, actually disputed and substantial," and only if the federal forum may entertain the claim without disturbing the balance of federal and state judicial responsibilities. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).

HICA argues that the Court has subject matter jurisdiction because HEAL program loans are creatures of federal statutes and regulations. Yet the fact that HEAL loans are regulated does not bear on the issue of whether Danziger defaulted. "It is the nature of the action before the court, not the nature of the loan program, that establishes the existence or absence of

3

federal jurisdiction." Inter-Am. Univ. of Puerto Rico, Inc. v. Concepcion, 716 F.2d 933, 934 (1st Cir. 1983) (dismissing lender's action to collect student debt issued under a federal loan program and regulated by the Department of Education).

Likewise, although a default on a HEAL program loan is a violation of a federal regulation, this action to recover on a promissory note does not require the Court to decide a substantial federal issue. Cf. Grable, 545 U.S. at 314. At most, the claim requires reference to an interest rate calculated by the Secretary of the Department of Health and Human Services, though the formula for this rate is set forth in the note. A state court is competent to apply federal law to the extent it is relevant. Empire HealthChoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006).

HICA also contends that there is subject matter jurisdiction because commencement of an action for default is part of the federal insurance claims process. However, a federal interest alone is not enough to open the door of "arising under" jurisdiction. Empire HealthChoice, 547 U.S. at 696, 701. HICA has not shown a significant conflict between a federal interest and state law, such that the displacement of state law or exercise of federal jurisdiction in this action is

4

warranted. Id. at 693.[1] The federal government's interest in HICA's collection of a defaulted student loan does not transform HICA's state law claim into one that necessarily raises a disputed and substantial federal issue. Under Grable, there is thus no basis for federal jurisdiction. 545 U.S. at 314. Furthermore, three other federal courts have recently dismissed for lack of subject matter jurisdiction similar cases brought by HICA. See HICA Ed. Loan Corp. v. Merzenich, No. CV-12-0412-PHX-FJM, 2012 U.S. Dist. LEXIS 88723 (D. Ariz. June 27, 2012); HICA Ed. Loan Corp. v. Waters, No. SACV 11-01262-JST (MLGx), 2011 U.S. Dist. LEXIS 130385 (C.D. Cal. Nov. 7, 2011); HICA Ed. Loan Corp. v. McKinney, No. 10-1205-CV-W-ODS, 2011 U.S. Dist. LEXIS 77716 (W.D. Mo. July 18, 2011).

---

[1] Under 42 U.S.C. § 292f(i), federal and state statutes of limitations on actions for loan collection are inapplicable to loans that have been assigned to the Secretary of the Department of Health and Human Services. This limited preemption clause does not apply to HICA's claim and does not independently confer jurisdiction in this case. See Empire HealthChoice, 547 U.S. at 689, 697-699.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed without prejudice for lack of federal subject matter jurisdiction.

SO ORDERED.

Dated: New York, New York
August 9, 2012

S/
_____
MIRIAM GOLDMAN CEDARBAUM
United States District Judge